Filed 6/10/15  Jauregui v. City of Palmdale CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JUAN JAUREGUI et al., | B253713 |
| Plaintiffs and Respondents, | |
| v. | (Los Angeles County Super. Ct. No. BC483039) |
| CITY OF PALMDALE, | |
| Defendant and Appellant. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Mark V. Mooney, Judge.  Affirmed as modified.

Matthew Ditzhazy, City Attorney, and Noel Doran, Assistant City Attorney; Nielson Merksamer Parrinello Gross & Leoni, Marguerite M. Leoni and Christopher Skinnell; Richards, Watson & Gershon, Mitchell E. Abbott, Aaron C. O'Dell and Kyle H. Brochard for Defendant and Appellant.

Shenkman & Hughes, Kevin I. Shenkman, Mary R. Hughes and John  L. Jones II; Goldstein, Borgen, Dardarian & Ho, Morris J. Baller, Laura L. Ho and Katrina L. Eiland; R. Rex Parris Law Firm, R. Rex Parris and Brendan Gilbert; Robert Rubin; and Milton C. Grimes for Plaintiffs and Respondents.

Defendant, City of Palmdale, appeals from a December 23, 2013 injunctive order to elect its city council through district-based elections. The injunctive order was secured by plaintiffs, Juan Jauregui, Miguel Holly and V. Jesse Smith. After the completion of briefing, the parties entered into settlement negotiations conducted by Retired Presiding Justice Steven Stone. As a result, the parties entered into a settlement agreement which provides for district-based elections and the payment of attorney fees. The parties have submitted a joint motion to modify and affirm the December 23, 2013 injunctive order. We grant the motion and direct that the December 23, 2013 injunctive order be modified as well as a subsequent attorney fee order. In addition, a pre-December 30, 2013 order is to be modified as provided for in the settlement agreement.

Plaintiffs filed a complaint alleging as a sole cause of action an alleged violation of the California Voting Rights Act. (Elec. Code, §§ 14025-14032; see *Sanchez v. City of Modesto* (2006) 145 Cal.App.4th 660, 668.) Plaintiffs' first amended complaint alleges that the use of an at-large system for electing city council members diluted the votes of Latino, Latina and African-American residents. On August 27, 2013, the trial court issued a statement of decision which: found racially polarized voting had occurred; ruled the use of an at-large method for city council elections resulted in the dilution of the rights of voters who are members of a protected class; and overruled various other challenges to the application of the California Voting Rights Act. On September 30, 2013, the trial court issued a preliminary injunction which barred the use of an at-large system for electing city council members. On October 4, 2013, defendant appealed from the issuance of the preliminary injunction. On December 23, 2013, judgment was entered in plaintiffs' favor. The final judgment requires that city council members be elected through district-based elections to be held in November of even-numbered years. On January 8, 2014, defendant appealed from the December 23, 2013 judgment.

On May 28, 2014, we affirmed the order issuing the preliminary injunction. We reached two principal conclusions. Initially, we concluded that the California Voting Rights Act could apply to a charter city. (*Jauregui v. City of Palmdale* (2014) 226 Cal.App.4th 781, 794-804.) Further, we ruled that the trial court had the authority to

2

enjoin the certification of election results pursuant to Elections Code section 14029. (*Id.* at pp. 804-808.) Meanwhile, the parties completed briefing in connection with the appeal from the December 23, 2013 judgment. On June 19, 2014, the trial court issued an order granting plaintiffs' attorney fee motion. In addition, the trial court granted in part defendant's motion to tax certain costs. On June 19, 2014, defendant appealed from the order awarding attorney fees. The parties have advised us that there is yet another attorney fee award order in plaintiffs' favor which is not yet the subject of an appeal.

As noted, we were notified of a comprehensive settlement involving the two existing appeals and the anticipated third appeal has been achieved. Thereupon, we asked the parties to brief the question of the application of Code of Civil Procedure[1] section 128, subdivision (a)(8)[2] to any modification of the injunctive aspects of the December 23, 2013 judgment. (*Union Bank of California v. Braille Inst. of America, Inc.* (2001) 92 Cal.App.4th 1324, 1325-1331.) On May 26, 2015, the parties filed with this court a joint motion to modify the judgment and affirm it as modified. The purpose of the May 26, 2015 joint motion is to modify the September 30, 2013 order and December 23, 2013 judgment in several particulars: certain deadlines for compliance with the judgment which have now passed have been revised; the scope of certain provisions of the judgment have been clarified; and the results of the November 4, 2013 voting which resulted election of an African-American councilmember may now be certified.

The parties present two arguments as to why section 128, subdivision (a)(8) does not prevent modification of the December 23, 2013 judgment and related prior orders.

---

[1]     Future statutory references are to the Code of Civil Procedure.

[2]     Section 128, subdivision (a)(8) states: "Every court shall have the power to do all of the following: [¶] . . . (8) To amend and control its process and orders so as to make them conform to law and justice. An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."

To begin with, the parties argue that section 128, subdivision (a)(8) applies only when a judgment is reversed, vacated or nullified. They reason that the present stipulation leaves the major provisions of the December 23, 2013 judgment intact—the at-large process for electing city council members is replaced by district elections. They note that section 43[3] expressly allows for orders affirming, reversing or *modifying* any judgment. Hence, they reason that an order modifying a judgment, which leaves its principal provisions intact, is not subject to the limitations imposed by that section 128, subdivision (a)(8). Further, even if section 128, subdivision (a)(8) applies, the parties argue that the minor modifications at issue do not adversely affect the interests of nonparties or the public. (§ 128, subd. (a)(8)(A).) And both sides argue no erosion of public trust will result from the minor modifications they have agreed to nor will the stipulation's availability reduce the incentive for pretrial settlement. (§ 128, subd. (a)(8)(B).)

We agree on both counts. The stipulation provides the judgment is affirmed as modified. The stipulation does not reverse, vacate or nullify the December 23, 2013 judgment in any substantial sense. Further, the modified judgment requires district-based elections in even years consistent with the map adopted by the trial court. Also, because the modified judgment is the subject of an agreement, it can be implemented immediately and not be further delayed by appeals. Furthermore, the modified judgment imposes additional requirements beyond that specified by the trial court, including public hearings to educate the electorate on the redistricting plan. And, the modified judgment brings to a halt continuing costs of defense incurred by defendant. Additionally, the modified judgment and settlement places a maximum lid on the sums potentially that will be payable as attorney fees to plaintiffs' counsel. Most importantly, the modified judgment remedies the vote dilution imposed upon Latino, Latina and African-American voters. Both witnesses who offered opinion testimony in the trial court on the subject of vote

---

[3] Section 43 states in part, "The Supreme Court, and the courts of appeal, may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had."

dilution in defendant's city council elections agreed that it occurred, although to differing degrees. The present settlement will bring this state of affairs to an end. The public interest is unequivocally advanced by the settlement and nothing in section 128, subdivision (a)(8) stands in the way of us accepting the parties' agreement. Nothing in this opinion should be construed as a statement of views that any error was committed by the trial court.

The judgment is modified as set forth in the stipulation for order modifying judgment attached to the appendix of exhibits filed with this court on May 26, 2015. Upon remittitur issuance, the parties are to submit that stipulation to the trial court so it may enter a modified judgment. The judgment and order are affirmed in all other respects. The parties are to bear their own costs incurred on appeal and, pursuant to their agreement, the remittitur is to issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


MOSK, J.


KRIEGLER, J.

5